**IN THE COURT OF APPEALS OF IOWA**

No. 13-1116
Filed April 16, 2014

**MONTY SCHANY,**
    Plaintiff-Appellant,

**vs.**

**WEST BEND MUTUAL INSURANCE COMPANY,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Palo Alto County, Carl J. Peterson,

Judge.


        An insured appeals the district court's denial of his motion for summary

judgment and grant of summary judgment to his insurance company.

**AFFIRMED.**



        Joel J. Yunek of Yunek Law Firm P.L.C., Mason City, for appellant.

        Richard J. Meyer of Fillenwarth & Fillenwarth, Estherville, for appellee.


        Considered by Doyle, P.J., and Tabor and McDonald, JJ.  Vogel, J., takes

no part.

**TABOR, J.**

After they separated, Monty Schany's wife, Laurie, cancelled the insurance coverage on his pickup truck without telling him. About a month later he had an accident which left the truck a total loss. Monty then filed a lawsuit claiming his insurance company, West Bend, breached the insurance contract by failing to notify Northwest Bank of Estherville that the policy was cancelled. The bank held a lien on the pickup.

Both sides moved for summary judgment. The district court granted summary judgment in favor of West Bend, finding the insurance company had no statutory or contractual obligation to notify Monty or his bank of the cancellation by his estranged wife. Because the district court's decision identifies and considers all the issues presented and we approve of the reasoning and conclusions in that decision, we affirm by memorandum opinion. *See* Iowa Court Rule 21.26(1)(a), (d).

We review both the interpretation of insurance contracts and the grant of summary judgment for correction of legal error. *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500–01 (Iowa 2013).

The Schanys purchased an insurance policy from West Bend covering their home and three vehicles; the policy was in effect from September 23, 2009 to September 23, 2010. The policy provided collision and comprehensive coverage for their jointly-owned 2005 Ford F-350 pickup. In 2009, Northwest Bank[1] approved a loan for Monty secured by the truck as collateral. The bank required Monty to show proof of insurance coverage on the truck. The bank

---

[1] The bank is not a party to this lawsuit.

notified West Bend of the lien and West Bend sent the bank notice of the policy coverage for the truck.

In September 2010, the Shanys renewed their coverage for another year, and Northwest Bank received notice of the renewal. In March 2011, Laurie and Monty separated. Without informing Monty, Laurie cancelled all insurance coverage for the pickup effective March 22, 2011, applying the premium balance to her own car. On April 27, 2011, Monty was involved in a single-vehicle accident destroying the truck. Not until Monty made a claim for damages under the contract did he realize his insurance had been cancelled.

On April 26, 2012, Monty filed a petition against West Bend for breach of contract. The petition alleged: "Contrary to the contract language, defendant failed to notify Northwest Bank or Plaintiff that there was no insurance on the 2005 Ford F-350 pickup." West Bend answered the petition on August 29, 2012, and moved for summary judgment on April 8, 2013. Monty resisted West Bend's motion and filed his own motion for summary judgment on May 6, 2013. The district court held a hearing on May 10, 2013.

On June 10, 2013, the district court issued a ruling, granting summary judgment on behalf of West Bend and denying Schany's motion. The district court determined the contract language did not require West Bend to give notice if the policyholder cancelled the policy and also found no statute entitling Monty to notice of his wife's action. Monty appeals.

Monty argues the district court erred by concluding West Bend did not breach its contract with him by failing to notify his bank that Laurie cancelled the policy on his truck. He contends if Northwest Bank had received notice, it would

have required him to obtain a new policy or would have taken possession of the truck, and he would not have been in a position to wreck his uninsured truck.

West Bend denies it had a contractual or statutory obligation to notify Monty or Northwest Bank, as the loss payee, of Laurie's cancellation.

Two provisions in the insurance contract and language in the notification form sent to the bank are at issue.

First, the relevant portion of the "Joint and Individual Interest" clause provides: "[I]f there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured shall be binding on all persons provided coverage under this policy."

Second, the relevant portion of the "Loss Payable" clause states:

> . . . [W]e reserve the right to cancel the coverage form as permitted by the coverage form terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

Third, West Bend's notice to the loss payee bank included the following sentence: "This policy will remain in effect until cancelled or terminated, at which time notification will be sent to you."

"Cancellation," as used in insurance law, means termination of a policy before expiration of the policy period by an act of one or all of the parties; "termination" refers to the expiration of the policy by lapse of the policy period. *First Nat'l Bank v. Watts*, 462 N.W.2d 922, 926–27 (Iowa 1990).

The district court's opinion identifies the correct principles for interpreting an insurance contract, fairly considers the parties' positions, and reaches a well-reasoned and proper conclusion. Joint policy holders are bound by each other's

actions. The loss payable clause is unambiguous and applies only when West Bend cancels a policy, not when the insured does so.

West Bend had no duty to notify the bank of cancellation by the insured. Under the policy language, West Bend promised only to give the loss payee the same advance notice of the company's cancellation of a policy as it gave the named insured. The contract included no promise to notify the bank of cancellation by the insured. Read in context, the language in the notice form applied only to cancellations by West Bend.

Finally, Iowa Code section 515D.4 (2011) governs the cancellation of policies by insurance companies. The district court correctly found it does not apply when the insured cancels the policy.

We affirm without further opinion.

**AFFIRMED.**